UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>　　　　Plaintiff,<br>　　v.<br>MARCUS L. JONES,<br>　　　　Defendant. | Case No. 17-cr-00164-JST-1 (DMR)<br>**DETENTION ORDER** |

　　　　Defendant Marcus Jones is charged with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition). On April 14, 2017, at the initial appearance in this case, the government moved for Jones's pretrial detention pursuant to 18 U.S.C. § 3142 and requested a hearing. On April 19, 2017, the court held a detention hearing. The court carefully considered the proffers of the government and defendant's counsel, the factors set forth in 18 U.S.C. § 3142(g), and the information contained in the bail study prepared by Pretrial Services which recommends that Jones be detained pending trial because he presents a significant danger to the community. For the reasons set forth below, as well as those stated on the record on April 19, 2017, the court concludes that the government has met its burden of establishing by clear and convincing evidence that Jones poses a danger to the safety of the community that cannot reasonably be mitigated through the imposition of release conditions. Therefore, the court orders that he be detained.

　　　　The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or

danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi*, 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id*. The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

Here, Jones is charged as being a felon in possession of a firearm and ammunition. Although "the weight of the evidence is the least important of the various factors," *Motamedi*, 767 F.2d at 1408, the court notes that the weight of the evidence against Jones is strong. He is a convicted felon, and he was arrested with a loaded gun in his waistband. Jones's criminal history is serious and significant, and involves guns and violent behavior. He has at least two serious

//

//

prior convictions, including convictions for assault with a deadly weapon and possession of crack cocaine for sale. He has also previously violated the conditions of his parole and/or probation. The government proffered evidence that Jones is connected with the Thrush Avenue residence where he was arrested. At that time, agents found large amounts of firearms, ammunition, and other indicia of illegal activity. In addition, Jones did not attempt to rebut the government's proffer that he recently was found with large, unexplained amounts of money, suggesting that he is currently involved in significant criminal activity.

The government proffered that Jones was involved in a shooting on November 17, 2016 in San Leandro in which at least three people were seriously injured. Defense counsel hotly contested this, and stated that Jones does not face any charges related to the shooting. The government's presentation, which was provided through proffer and not through an evidentiary hearing, suggests that Jones may well have had some involvement in the incident.

Jones presented two potential sureties at the hearing. The court noted its concerns that they were not appropriate sureties who could provide adequate moral suasion, given their lengthy criminal histories. The court offered Jones the opportunity to present additional sureties for consideration, but Jones declined.

In light of all of the above, the court finds that the government has met its burden of establishing by clear and convincing evidence that Jones presents a danger to the community, and that no condition or combination of conditions will reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142(e) and (f).

Jones shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. He shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Jones is confined shall deliver Jones to a United States marshal for the purpose of an appearance in connection with a

3

court proceeding.

**IT IS SO ORDERED.**

Dated: April 28, 2017

_____
DONNA M. RYU
United States Magistrate Judge